IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVINE DOCKERY,** | : | No. 3:25cv1352 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **JP MORGAN CHASE BANK N.A.,** | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM ORDER

This matter involves the alleged wrongful repossession of a 2021 Lexus IS 350 F Sport by Defendant JP Morgan Chase Bank N.A. ("JP Morgan Chase"). Plaintiff Devine Dockery proceeds in this action *pro se*. His complaint asserts a claim pursuant to 42 U.S.C. § 1983 ("Section 1983") based upon the defendant's alleged violation of the plaintiff's due process rights in repossessing the vehicle. (Doc. 1, Compl.). Plaintiff also asserts claims under state law for fraud and wrongful conversion. His complaint further references violations of Article 9 of the Uniform Commercial Code. These violations are ostensibly based upon a UCC-1 financing statement that the plaintiff himself filed in the State of New York. (Doc. 1-3, Exs. at ECF p. 1).

From the documents filed by the plaintiff in conjunction with his complaint, it appears that there are ongoing proceedings related to the repossession in the Lackawanna County Court of Common Pleas, including an emergency motion for

a temporary restraining order filed by Dockery in that state court. (Id. at ECF p. 3). Dockery further alleges that the defendant obtained a state court judgment through improper service to the wrong address.

On July 28, 2025, United States Magistrate Judge Susan E. Schwab granted Dockery's motion to proceed in this matter *in forma pauperis* ("IFP"). (Doc. 4). In civil actions initiated with IFP motions, the court may properly dismiss the matter *sua sponte* under the prescreening provisions of 28 U.S.C. § 1915(e). See Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013), partially abrogated on other grounds by Coleman v. Tollefson, 575 U.S. 532 (2015). Specifically, the court shall dismiss an IFP case at any time if it determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Although enacted as part of the Prison Litigation Reform Act, "the provisions of § 1915(e)(2) apply to all IFP complaints, not simply those filed by prisoners." Atamian v. Burns, 236 F. App'x 753, 755 (3d Cir. 2007)(citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 n. 19 (3d Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)).

The language of Section 1915(e)(2)(B)(ii) closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a complaint for sufficiency under Section 1915(e)(2)(B)(ii) as they do when resolving a motion to dismiss under Rule 12(b)(6).

2

In deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cnty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). The plaintiff, however, must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of '[each] necessary element' of the claims alleged in the complaint. Id. at 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). This means a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual content is pled which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

In this matter, Dockery alleges that Defendant JP Morgan Chase violated Section 1983 by infringing upon his constitutional right to due process. (Doc. 1, Compl. at ECF 3). Section 1 of the Fourteenth Amendment provides that:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or

> property without due process of the law; nor deny to any person within its jurisdiction the equal protection of the law.

U.S. CONST. AMEND. XIV, § 1.

By its terms, the text of the Fourteenth Amendment places restrictions on the States, not private individuals. See Civil Rights Cases, 109 U.S. 3, 11-12 (1883).  Thus, "[b]ecause the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.' " Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982).

Along these same lines, Section 1983 provides a civil remedy against individuals who, under color of state law, deprive another of rights secured by the Constitution or federal law. Id.  To establish a claim under Section 1983, two criteria must be met.  First, the conduct complained of must have been committed by a person acting under color of state law. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998).[1]  Second, the conduct must deprive the plaintiff of rights secured under the Constitution or federal law. Id. "[T]he under-color-of-state-law element of [Section] 1983 excludes from its reach

---

[1] Section 1983 serves as a statutory tool for enforcing the Fourteenth Amendment. Lynch v. Household Finance Corp., 405 U.S. 538, 545 (1972).  As a general matter, courts regard the Fourteenth Amendment's "state action" requirement as analogous to the requirement of action "under color of state law." Lugar 457 U.S. at 935.  Although some distinctions could be drawn, they need not be addressed in this case. Id. at 935, n. 18.  Therefore, plaintiff's due process claim will be analyzed through the lens of Section 1983.

4

"merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982); Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).

After review of Dockery's complaint, there are no allegations indicating that Defendant JP Morgan Chase qualifies as a state actor for the purposes of Section 1983. In the absence of such allegations, this matter appears to concern issues between two private actors related to vehicle financing and the repossession of a vehicle through a state court replevin action. Consequently, Dockery's complaint fails to state a claim for violation of Section 1983 and is subject to dismissal.

That leaves the various state court causes of action mentioned in the complaint, including claims for fraud, wrongful conversion, and for violation of the Uniform Commercial Code. Dockery has only provided limited allegations to support these claims.

As to the fraud claim, Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead with particularity "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004). A plaintiff averring a fraud claim must specify "the who, what, when,

where, and how: the first paragraph of any newspaper story." In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir.1999) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.1990)).  If plaintiff's allegations fail to list out every material detail of the fraud, such as the date, time, or place, plaintiff should find a way to include precision "and some measure of substantiation into their allegations of fraud." Lum, 361 F.3d at 224 (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)).

Dockery's complaint merely states that "the underlying contract was procured through fraud, including undisclosed prior vehicle damage and unauthorized registration using false documents." (Doc. 1, Compl. at ECF 3). Such allegations fail to meet the requirements of Rule 9.

As for Dockery's claim for "wrongful conversion," a conversion under Pennsylvania law "is deprivation of another's right of property, income or use or possession of a chattel, or other interference therewith, without owner's consent and without lawful justification." Stevenson v. Econ. Bank of Ambridge, 413 Pa. 442, 197 A.2d 721 (1964).  Plaintiff's complaint attaches an order from the Honorable James A. Gibbons of the Lackawanna County Court of Common Pleas directing the Lackawanna County Sheriff to take possession of the Lexus. (Doc. 1, Compl. at ECF p. 4).  Absent other allegations explaining otherwise, this

6

order reflects that the defendant had lawful justification to deprive Dockery of the vehicle.

Finally, Dockery's complaint asserts that Defendant JP Morgan Chase violated Article 9 of the Uniform Commercial Code. Pennsylvania has adopted provisions of Article 9, which concern secured transactions. See 13 PA. CONS. STAT. §§ 9101–9628.  Other than indicating that he has a superior lien on the vehicle, Dockery has not cited which provisions have been violated or the provisions providing him with a cause of action.  Consequently, all state law claims are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) as well.

"[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  As for Dockery's Section 1983 claims against Defendant JP Morgan Chase, for a private entity to undergo constitutional scrutiny, there must be "a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (quoting Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005)).  Whether this nexus exists is an inquiry subject to the following three broad tests:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2)

7

>whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir.1995)).

Cognizant that Dockery proceeds *pro se* in this matter, the court will provide him with leave to amend to further explain how Defendant JP Morgan Chase is a state actor with reference to facts supporting application of any of the above tests. Dockery will also be provided with leave to support his state law claims for fraud and conversion with additional facts. The plaintiff is advised, however, that he will have twenty-one (21) days to file an amended complaint. In the absence of a timely-filed amendment, Dockery's Section 1983 claims will be dismissed with prejudice for failure to prosecute and failure to comply with a court order. Given the pending proceedings in the Lackawanna County Court of Common Pleas, the state law claims will be dismissed without prejudice in the event that Dockery does not file an amended complaint.

Regarding some additional matters, Dockery has also filed: 1) an emergency motion for a temporary restraining order, (Doc. 5), and 2) an emergency motion to issue a subpoena for vehicle registration and title records, (Doc. 6). Those motions will be denied based on the complaint's failure to state a claim.

Accordingly, for the reasons set forth above, it is hereby **ORDERED** that:

1) Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2) Plaintiff may file an amended complaint within twenty-one (21) days of the date of this order;

3) Should plaintiff fail to file an amended complaint, his Section 1983 claims will be dismissed with prejudice and his other claims will be dismissed without prejudice to the ongoing state court proceedings; and

4) Plaintiff's emergency motion for a temporary restraining order, (Doc. 5), and emergency motion to issue a subpoena for vehicle registration and title records, (Doc. 6), are **DENIED** based on the complaint's failure to state a claim.

**Date:** 08/14/2025

BY THE COURT:

*s/ Julia K. Munley*
**JUDGE JULIA K. MUNLEY**
**United States District Court**