IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVINE DOCKERY,<br>          Plaintiff | :    No. 3:25cv1352<br>:<br>:    (Judge Munley) |
| v. | : |
| JPMORGAN CHASE BANK N.A.;<br>ORLANS LAW GROUP, P.C.; and<br>SHERIFF DEPUTY DAVID PASCOLINI,<br>          Defendants | :<br>:<br>: |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM ORDER

This matter involves the alleged wrongful repossession of a 2021 Lexus IS 350 F Sport. Plaintiff Devine Dockery proceeds in this action *pro se*.

As part of a civil action in the Lackawanna County Court of Common Pleas, JPMorgan Chase Bank, N.A. v. Dockery, No. 25-CV-1701, the Honorable James A. Gibbons issued an order dated June 20, 2025. (Doc. 1, Compl. at ECF p. 4). That order granted JPMorgan Chase Bank, N.A.'s ("JPMorgan Chase") motion for a writ of seizure. Id. Judge Gibbons's order directed the Lackawanna County Sheriff's Office to seize the Lexus and deliver it to JPMorgan Chase. (Doc. 1, Compl. at ECF p. 4). The order also indicated that Dockery was in default of the parties' agreement based upon his failure to make a timely payment to JPMorgan Chase. (Id.)

Dockery challenges the validity of that order in state and federal court. On July 21, 2025, Dockery filed an emergency motion for a temporary restraining order in the Lackawanna County Court of Common Pleas. (Doc. 1-3, at ECF pp. 3–5). In state court, Dockery seeks an order prohibiting sale, transfer, or other disposition of the Lexus and an order directing JPMorgan Chase to return the vehicle to him. Id. That matter is presently set for a hearing before Judge Gibbons.[1]

Two days later, on July 23, 2025, Dockery filed suit against JPMorgan Chase in this district court pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging that the bank violated the plaintiff's due process rights in repossessing the vehicle. (Doc. 1, Compl.). Plaintiff's complaint also asserted claims under state law for fraud and wrongful conversion and referenced violations of Article 9 of the Uniform Commercial Code based upon a UCC-1 financing statement that the plaintiff himself filed in the State of New York. Id.

This matter was initially assigned to a United States Magistrate Judge. On July 28, 2025, United States Magistrate Judge Susan E. Schwab granted Dockery's motion to proceed in this matter in forma pauperis ("IFP"). (Doc. 4).

---

[1] This federal court may take judicial notice of the dockets from the Lackawanna County Court of Common Pleas. Orabi v. Attn'y Gen. of the U.S., 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket."); Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.").

On August 7, 2025, Dockery filed an emergency motion for a temporary restraining order ("TRO") seeking return of the repossessed Lexus. (Doc. 5). Based on this request, this matter was then reassigned by the Clerk of Court for a ruling on the TRO. The court proceeded to review Dockery's complaint pursuant to 28 U.S.C. § 1915(e)(2). On August 14, 2025, the court dismissed Dockery's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 7). The dismissal was without prejudice to Dockery filing an amended complaint. Id. Additionally, the court's memorandum order directed Dockery to supply facts plausibly alleging that JPMorgan Chase was a state actor for the purposes of Section 1983 liability. Id. at 8. Dockery was also provided with leave to support his state law claims with additional facts. Id.

Dockery filed an amended complaint on August 29, 2025. (Doc. 8). The amended complaint adds two new defendants, Orlans Law Group, P.C. ("Orlans"), the law firm representing JPMorgan Chase in the state court replevin case, and Defendant Sheriff Deputy David Pascolini ("Deputy Pascolini"), the employee of the Lackawanna County Sheriff's Department who repossessed the vehicle based on Judge Gibbons's order. See id. ¶¶ 3–4. Despite naming new defendants, Dockery's amended complaint provides less details about the alleged violations of Section 1983 and state law.

In civil actions initiated with IFP motions, the court may properly dismiss the matter *sua sponte* under the provisions of 28 U.S.C. § 1915(e)(2). See Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013), partially abrogated on other grounds by Coleman v. Tollefson, 575 U.S. 532 (2015). Specifically, the court shall dismiss an IFP case at any time if it determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Although enacted as part of the Prison Litigation Reform Act, "the provisions of § 1915(e)(2) apply to all IFP complaints, not simply those filed by prisoners." Atamian v. Burns, 236 F. App'x 753, 755 (3d Cir. 2007)(citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 n. 19 (3d Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)).

The language of Section 1915(e)(2)(B)(ii) closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a complaint for sufficiency under Section 1915(e)(2)(B)(ii) as they do when resolving a motion to dismiss under Rule 12(b)(6).

In deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cnty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). The plaintiff, however, must describe "'enough facts to raise a reasonable expectation that discovery will

4

reveal evidence of '[each] necessary element' of the claims alleged in the complaint. Id. at 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). This means a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual content is pled which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Because Dockery proceeds *pro se*, his pleadings are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

In this matter, Dockery initially alleged that Defendant JPMorgan Chase violated Section 1983 by infringing upon his constitutional due process rights. (Doc. 1, Compl. at ECF p. 3). Plaintiff now asserts that JPMorgan Chase, Orlans, and Deputy Pascolini "acting under color of state law, deprived [him] of property without due process of law." (Doc. 8, Am. Compl. ¶ 13). This allegation in the amended complaint is a threadbare recital of one of the elements of a Section 1983 claim and a conclusory statement. The other averments in the

5

amended complaint do not support that allegation nor do they advance any plausible Section 1983 claims.

> Section 1 of the Fourteenth Amendment provides that:
>
>> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of the law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. AMEND. XIV, § 1.

By its terms, the text of the Fourteenth Amendment places restrictions on the States, not private individuals. See Civil Rights Cases, 109 U.S. 3, 11-12 (1883). Thus, "[b]ecause the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982).

Along these same lines, Section 1983 provides a civil remedy against individuals who, under color of state law, deprive another of rights secured by the Constitution or federal law. Id. To establish a claim under Section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under color of state law. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998).[2] Second, the conduct must

---

[2] Section 1983 serves as a statutory tool for enforcing the Fourteenth Amendment. Lynch v. Household Finance Corp., 405 U.S. 538, 545 (1972). As a general matter, courts regard the

deprive the plaintiff of rights secured under the Constitution or federal law. Id. "[T]he under-color-of-state-law element of [Section] 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982); Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).

Despite earlier instructions from the court, Dockery's amended complaint fails to include allegations that Defendant JP Morgan Chase qualifies as a state actor for Section 1983 purposes. Similarly, there are no allegations supporting a conclusion that Defendant Orlans acted under the color of state law as JPMorgan Chase's counsel in state court. In the absence of such allegations, this matter appears to concern issues between two private actors related to vehicle financing and the repossession of a vehicle through a pending state court replevin action. Dockery's amended complaint fails to state a claim under Section 1983 against Defendants JPMorgan Chase and Orlans.[3]

---

Fourteenth Amendment's "state action" requirement as analogous to the requirement of action "under color of state law." Lugar 457 U.S. at 935. Although some distinctions could be drawn, they need not be addressed in this case. Id. at 935, n. 18. Therefore, plaintiff's due process claim will be analyzed through the lens of Section 1983.

[3] For a private entity to undergo constitutional scrutiny, there must be "a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (quoting Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005)). Whether this nexus exists is an inquiry subject to the following three broad tests:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the

7

As for Defendant Deputy Pascolini, there is no question that he is a person acting under the color of state law. Nonetheless, the only allegation in the amended complaint applicable to this defendant is that he "executed the repossession order[]" signed by Judge Gibbons in the state court matter. (Doc. 8, Am. Compl. ¶ 4). This lone allegation is wholly insufficient to state a plausible claim against this defendant for violation of either Dockery's procedural or substantive due process rights.[4] Under the circumstances alleged by Dockery, Defendant Deputy Pascolini would be entitled to quasi-judicial immunity for merely carrying out facially valid court orders entered against the plaintiff. See Addlespurger v. Corbett, 461 F. App'x 82, 86 (3d Cir. 2012) (determining that a county sheriff was entitled to quasi-judicial immunity for the acts of his deputies

---

> private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir.1995)).

[4] Non-legislative action, such as the type alleged here, only violates substantive due process when it shocks the conscience. United Artists Theatre Cir., Inc. v. Twp. of Warrington, PA, 316 F.3d 392, 399–400 (3d Cir. 2003). There are no conscience-shocking facts alleged in the amended complaint, only allegations that Defendant Deputy Pascolini executed a court order as required by state law.

Furthermore, "[t]o state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.' " Hill v. Borough of Kutztown, 455 F.3d 225, 233–34 (3d Cir. 2006) (citation omitted). It appears that Dockery's challenges to the repossession order remain pending in the Lackawanna County Court of Common Pleas.

who imprisoned an individual pursuant to orders issued by a Common Pleas court judge); 42 PA. CONS. STAT. § 2921 ("The sheriff, either personally or by deputy, shall serve process and execute orders directed to him pursuant to law."); 16 PA. CONS. STAT. § 13705 (authorizing county sheriffs to appoint deputies for the transaction of business for the sheriff's office). Because Dockery seeks monetary relief against a defendant who is immune from such relief, his amended complaint is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii).

That leaves the various state court causes of action mentioned in the amended complaint, including claims for fraud, wrongful conversion, and for violation of the Uniform Commercial Code. Like with the original complaint, Dockery has only provided limited allegations to support these claims.

As to the fraud claim, Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead with particularity "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004). A plaintiff averring a fraud claim must specify "the who, what, when, where, and how: the first paragraph of any newspaper story." In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999) (quoting DiLeo v. Ernst & Young,

9

901 F.2d 624, 627 (7th Cir.1990)).  If a plaintiff's allegations fail to list out every material detail of the fraud, such as the date, time, or place, that plaintiff should find a way to include precision "and some measure of substantiation into their allegations of fraud." Lum, 361 F.3d at 224 (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)).

Dockery's initial complaint alleged that "the underlying contract was procured through fraud, including undisclosed prior vehicle damage and unauthorized registration using false documents." (Doc. 1, Compl. at ECF p. 3). Dockery's amended complaint alleges that "[t]he vehicle was fraudulently registered using unauthorized documents, including a National Grid utility bill and a bank statement with an address that [p]laintiff never authorized." (Doc. 8 ¶ 11). Even with a description of the documents, the amended allegations still fail to meet the requirements of Rule 9.  There are no allegations connecting registration of the vehicle to JPMorgan Chase, Orleans, or Deputy Pascolini. Many "who, what, when, where, and how" questions remain unanswered.

As for Dockery's claim for "wrongful conversion," a conversion under Pennsylvania law "is deprivation of another's right of property, income or use or possession of a chattel, or other interference therewith, without owner's consent and without lawful justification." Stevenson v. Econ. Bank of Ambridge, 413 Pa. 442, 197 A.2d 721 (1964).  Plaintiff's initial complaint attached an order from the

Honorable James A. Gibbons of the Lackawanna County Court of Common Pleas directing the Lackawanna County Sheriff to take possession of the Lexus. (Doc. 1, Compl. at ECF p. 4). Absent other allegations explaining otherwise, this order reflects that the defendants had lawful justification to deprive Dockery of the vehicle. This issue was apparent in the original complaint. Despite an opportunity to support his conversion claims with additional facts, Dockery elected not to do so.

Finally, Dockery's amended complaint asserts that all defendants violated Article 9 of the Uniform Commercial Code by ignoring his superior interest in the vehicle, which, per the plaintiff, derives from his filing of a UCC-1 financing statement in the State of New York. (Doc. 8 ¶¶ 10, 16). Pennsylvania has adopted provisions of Article 9, which concern secured transactions. See 13 PA. CONS. STAT. §§ 9101–9628. Other than indicating that he has a superior lien on the vehicle, however, Dockery has not cited which provisions have been violated or the provisions providing him with claims.[5] Consequently, all state law claims are also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[5] Furthermore, Dockery's amended complaint asserts that the Lexus was repossessed on July 18, 2025. (Doc. 8, ¶ 7). Dockery alleges that he also filed the UCC-1 financing statement on that same date. Id. ¶ 10. The amended complaint fails to allege which of these events occurred first.

11

As noted in the prior memorandum order, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Regarding Dockery's Section 1983 claims, the plaintiff was placed on notice that his complaint failed to allege facts supporting a theory that JPMorgan Chase acted under color of state law. The amended complaint does not address that deficiency as to JPMorgan Chase or the new defendant, Orlans, who is alleged to be the bank's counsel. At this juncture, amendment of the Section 1983 claims against JPMorgan Chase and Orlans would be futile. Additionally, amendment of the Section 1983 claim against Defendant Deputy Pascolini would be futile based on his quasi-judicial immunity.

In the last order, the court indicated that, if Dockery failed to file an amended complaint, prejudice would not attach to the dismissal of his state law claims given the pending proceedings in the Lackawanna County Court of Common Pleas. The court sees no reason to deviate from that outcome based on the present circumstances. Dockery may assert such claims in state court as he sees fit.

Accordingly, it is hereby **ORDERED** that:

1) Plaintiff's amended complaint, (Doc. 8), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii);

2) Plaintiff's Section 1983 claims for violation of his due process rights are **DISMISSED** with prejudice;

3) Plaintiff's state law claims are **DISMISSED** without prejudice, but without leave to file a second amended complaint in this action; and

4) The Clerk of Court is directed to close this case.

Date: 8/21/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court